FILED
2019 Nov-05 PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CHANDLER KORB, et al., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:18-cv-02133-LCB |
| VICTOR FLORES DE LEON, JR., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a violation of civil rights (prospective class action) filed on January 2, 2019, pursuant to 42 U.S.C. § 1983. (Doc. 1). This cause is before the Court on motions to dismiss filed by Defendants Madison County Sheriff's Office ("MCSO"), Blake Dorning ("Dorning") and Madison County, Alabama ("Madison") (docs. 7, 9, & 11) and a motion for more definite statement filed by Defendant Victor Flores De Leon ("De Leon") (doc. 14) pursuant to Rules 12(b)(6), and 12(e) of the Federal Rules of Civil Procedure. Plaintiff filed responses to defendants' motions on March 22, 2019 (docs. 23, 24, 25 & 26). Defendants filed their replies on April 2, 2019. (Docs. 27, 28, & 29). The motions are now ripe for review.

Upon review and for the reasons stated herein, the Court concludes that the motion to dismiss (doc. 7) by Defendant Madison County Sheriff's Office is due to

be granted; that the motion to dismiss by Defendant Blake Dorning (doc. 9) is due to be granted in part; that the motion to dismiss by Defendant Madison County (doc. 11) is due to be granted in part; and that the motion for more definite statement (doc. 14) by Defendant Victor Flores De Leon is due to be granted.

## I.  STANDARDS OF REVIEW

**A**.  **Rule 12(b)(6)** — *Dismissal for Failure To State A Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  Essentially, a Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the

plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).

**B. Rule 12(e) —** *More Definite Statement*

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[A] party may not use a Rule 12(e) motion to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery." *Harris v. Fisher-Price Inc.*, 2013 WL 9861461, at *1 (N.D. Ala. Oct. 24, 2013). See also *MAO-MSO Recovery II LLC v. Infinity Prop. & Cas. Grp.*, No. 2:17-CV-00513-KOB, 2018 WL 1244498, at *5 (N.D. Ala. Mar. 9, 2018). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

**C. Shotgun Pleading**

Our Circuit addressed the evolution and types of shotgun pleadings in *Weiland v. Palm Beach Cty Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015)

stating:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321–23. An assertion that a complaint is a shotgun pleading is based upon violations of Rule 8(a)(2), as mentioned above, and/or Rule 10(b) which provides:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Rule 10(b), Fed. R. Civ. P.

## II. RELEVANT FACTS

The Plaintiff's complaint alleges that while incarcerated at the Madison County Detention Center she was assaulted and raped on October 9, 2018, by

defendant Victor Flores De Leon, Jr., a guard at the facility. (Doc. 1). The assault occurred in the infirmary of the facility, and the Plaintiff alleges that the infirmary did not have adequate monitoring devices to protect her from this assault. (*Id.*) The Plaintiff's individual and class assertions against the remaining defendants are that Sheriff Blake Dorning, the MCSO, and Madison County were all deliberately indifferent to her safety during her incarceration. More specifically, the infirmary is coed and permits female inmates to be alone with male guards thereby ". . . allowing sexually-predatory guards to rape and sexually assault female inmates." (*Id.*) The Complaint alleges six counts: (1) Violation of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution via 42 U.S.C. § 1983; (2) Assault; (3) Invasion of Privacy; (4) Tort of Outrage; (5) Negligence and Negligence *Per Se*; (6) Recklessness/Wantonness; (7) No count seven is alleged; (8) Violations of the Alabama Constitution, Article I, sections 1, 6, 13, 15, 16, 35 and the Equal Protection Provisions; and (9) Injunction.[1] This case was initially assigned to Magistrate Judge Johnson. However, the parties failed to consent to dispositive jurisdiction by the magistrate judge, and the case was then reassigned to this Court on January 28, 2019.

---

[1] The Complaint seeks a prospective putative class of "[a]ll female inmates who require or will in the future require medical treatment in the infirmary while an inmate at MCDC," seeking only injunctive relief. *Id.* at 13.

5

## III. ISSUES PRESENTED

Defendant MCSO in its motion to dismiss contends that it is not a legal entity capable of being sued according to Rule 17(b) of the Federal Rules of Civil Procedure (doc. 8). In response, the Plaintiff consents to dismissal of MCSO on the condition that it be entered without prejudice (doc. 25). However, the Plaintiff failed to address MCSO's argument in its motion to dismiss (doc. 8) and reply (doc. 27) that it does not constitute a legal entity capable of being sued.[2] Based upon the lack of opposition by the plaintiff, and pursuant to Rule 41(a)(2) and 12(b)(6), Fed. R. Civ. P, the Court hereby GRANTS Defendant's motion (doc. 8) and the MCSO is due to be DISMISSED with prejudice.

Defendant Sheriff Dorning argues in his motion to dismiss that (1) the complaint is a shotgun pleading;( 2) he is absolutely immune from claims for money damages under § 1983, the Alabama Constitution, and state law tort claims; (3) the Plaintiff failed to state a claim against the Sherriff for "failure to protect" under § 1983; and (4) injunctive relief is not proper based upon the claims presented (doc. 10). In response, (doc. 24) the Plaintiff argues that her pleading is not a shotgun pleading, but, in the alternative, requests the right to replead. Also, the Plaintiff concedes that she seeks only injunctive relief from Sheriff Dorning in

---

[2] In support, MCSO cites *Dean v. Barber*, 951 F. 2d 1210 (11th Cir. 2002); *Ex Parte Haralson*, 853 So. 2d 928 (Ala. 2003); *Long v. St. Clair County Sheriff's Office*, No.4:16-CV-380-VEH, 2016 WL 1365649 (N.D. Ala. April 6, 2016); and *Key v. Morgan County Sheriff's Office*, No.5:12-CV-0314-NE, 2012 WL 1340099 (N.D. Ala. April 12, 2012).

his official capacity, contrary to the relief requested in her complaint.[3]

Madison County in its motion to dismiss contends that (1) the complaint is a shotgun pleading; (2) it is not subject to money damages under the Constitution of Alabama; (3) the Plaintiff failed to state a claim against the County for "failure to protect" under § 1983; and (4) the Plaintiff does not have a viable claim for injunctive relief. (Doc. 12). Again, in response, the Plaintiff denies the "shotgun" nature of the pleading, but in the alternative, requests the right to amend the complaint. (Doc. 23 at 20).

Victor Flores DeLeon, Jr., in his motion for more definite statement, presents a similar argument. DeLeon asserts that the complaint is a shotgun pleading based upon the incorporation of factual allegations from all 72 preceding paragraphs into each count of the complaint. (Doc. 14). The Plaintiff, in response, again counters that her complaint is not a shotgun pleading, contending that it is not "incomprehensible" and is clear as to the defendants subject to and being sued under each count. (Docs. 23 & 24). The Court disagrees. For this reason, it is not necessary to address the remaining arguments under Rule 12(b)(6), for the result would be the same.

## IV. DISCUSSION

The complaint is a shotgun pleading for numerous reasons. First, each of

---

[3] Counts 1 and 8 request punitive damages against all defendants (doc. 1).

the Plaintiff's counts incorporates and "realleges" seventy-two (72) factual and legal allegations. (Doc. 1). *Weiland*, 792 F.3d at 1321. Consistent herewith, allegations 7 thru 10 (doc. 1, at 3-4) of the seventy-two (72) allegations identify all of the defendants; therefore, each defendant is incorporated by reference into each cause of action. Further, as noted above, the Plaintiff's right to claim punitive damages is disputed; however, claims I and VIII clearly request punitive damages from all defendants. (Doc. 1). All the counts by incorporation essentially assert the same facts without specifying which specific facts relate to each particular defendant and cause of action. Second, Count I alleges numerous causes of action collectively against all defendants. (*Id.*) Likewise, Counts VII and XI allege specific causes of actions collectively against all defendants (doc. 1). *Weiland*, 792 F.3d at 1323. Plaintiff's Complaint simply fails to properly specify or assert separate causes of actions for each defendant's alleged wrongful actions; the defendant responsible for each cause of action; and the proper damages asserted against each defendant. For these reasons, the complaint fails to provide defendants adequate notice of the grounds for each claim for relief. *Weiland*, 792 F.3d at 1323.

In sum, due to the shotgun nature of the complaint, the Plaintiff's request to replead, and the fact that there have been no prior amended complaints, the Court finds that the proper remedy is to allow plaintiff to replead if she wishes to

proceed with this case. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

## IV. CONCLUSION

For the reasons explained above, the motion to dismiss (doc. 7) by Defendant Madison County Sheriff's Office's is due to be GRANTED. Due to the Shotgun nature of the Plaintiff's complaint, the motions to dismiss by Defendants Blake Dorning (doc. 9) and Madison County (doc. 11) are due to be GRANTED IN PART; and the motion for more definite statement (doc. 14) by Defendant Victor Flores De Leon is due to be GRANTED. The Plaintiff will be required to replead the complaint in conformity with the instructions and orders set forth in this Memorandum Opinion. In turn, the Defendants will have three (3) days from the date of the filing of the Plaintiff's amended complaint to file their responsive pleadings. Separate orders will be entered simultaneously with this memorandum opinion.

**DONE** and **ORDERED** November 5, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE